UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-24241-CIV-LENARD/O'SULLIVAN

MB PLAZA, LLC,

    Plaintiff,

v.

WELLS FARGO BANK, NA,

    Defendant.
_____/

## ORDER

THIS MATTER came before the court on the Defendant's, Wells Fargo Bank, NA, Request for Mandatory Judicial Notice in Support of Motion to Abstain, Dismiss and Transfer Venue (DE # 13, 1/31/11).  Having carefully considered the defendant's motion to which no response[1] was filed by the plaintiff, it is

ORDERED AND ADJUDGED that the Defendant's, Wells Fargo Bank, NA, Request for Mandatory Judicial Notice in Support of Motion to Abstain, Dismiss and Transfer Venue (DE # 13, 1/31/11) be GRANTED in part to take judicial notice of the fact of the state court foreclosure litigation and related filings as identified in the subject motion and the exhibits thereto, but not the truth of the matters asserted therein.

## ANALYSIS

The plaintiff seeks declaratory and injunctive relief to stay a pending foreclosure proceeding in the State of Florida Circuit Court in Hillsborough County, Florida.  Rule

---

[1] Rule 7.1(C) of the Local Rules for the United States District Court for the Southern District of Florida authorizes the Court to grant a motion by default where, as here, an opposing party does not file a response in opposition within the allotted time.

201 of the Federal Rules of Evidence mandates that a court shall take judicial notice of facts "not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.   Pursuant to Rule 201 of the Federal Rules of Evidence, the Eleventh Circuit has held that "a court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation."  U.S. v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (citations omitted).  In Jones, the Eleventh Circuit relied on a Second Circuit decision that recognized that a "'court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" Id. (quoting Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388-89 (2d Cir. 1992)(citations omitted)); see FDIC v. O'Flahaven, 857 F. Supp. 154, 157-58 (D. N.H. 1994)(taking judicial notice that affidavits were filed in state court and the averments were made, but did not take judicial notice of the veracity of the allegations in the affidavits).

    The defendant requests this Court to take judicial notice of certain state court filings in the state court foreclosure action styled *Wells Fargo Bank, National Association v. MB Plaza, LLC, Moshe Mazine, and Vintage Builders, LLC*, in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, case no. 10-010219 CA G.  The plaintiff did not oppose the motion as required by Local Rule 7(1)(C).  Accordingly, the Court will take judicial notice of the fact of the state court foreclosure litigation and related filings as identified in the subject motion and the exhibits thereto, but not the truth of the matters asserted therein. See Universal

Express, Inc. v. S.E.C., 177 Fed. App'x 52, 53 (11th Cir. 2006)(considering complaint filed in another court proceeding in ruling on a motion to dismiss); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999) (finding that a district court may take judicial notice of certain public documents without converting a motion to dismiss into a motion for summary judgment).

      DONE AND ORDERED in Chambers at Miami, Florida, this 23rd day of August, 2011.

                                            JOHN J. O'SULLIVAN  
                                            UNITED STATES MAGISTRATE JUDGE

Copies provided to:  
United States District Judge Lenard  
All Counsel of Record